**Johnathan E. Mansfield, OSB #055390**
Email jmansfield@schwabe.com
**Yvonne E. Tingleaf, OSB #054463**
Email: ytingleaf@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suites 1500-2000
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900

Attorneys for Plaintiff Delta Lambda Phi National Social Fraternity

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DELTA LAMBDA PHI NATIONAL SOCIAL FRATERNITY,** a Washington, D.C. corporation, | Civil No. 6:12-cv-1912 |
| Plaintiff, | **COMPLAINT** |
| | **(Trademark Infringement, Unfair Competition, and Unlawful Trade Practices)** |
| v. | |
| **DELTA LAMBDA PSI**, a student organization existing at University of California, Santa Cruz; Northeastern Illinois University; and University of Oregon, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## NATURE OF THE CASE

1.      Plaintiff Delta Lambda Phi National Social Fraternity is a national Greek college social organization founded in 1986 to promote the interests of gay, bisexual, transgender, and progressive students. Plaintiff has used its DELTA LAMBDA PHI mark in commerce since at least 1988, and has used the acronym DLP mark since at least 2001. Plaintiff currently has thirty

PAGE 1      COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNLAWFUL TRADE PRACTICES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

PDX/124098/183476/YES/10312053.2

chapters and four colonies, located in Arizona, California, the District of Columbia, Florida, Illinois, Indiana, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New Mexico, New York, Ohio, Pennsylvania, Tennessee, Texas, Washington, and Quebec.

2.    In 2005, a group of unaffiliated gay students at the University of California Santa Cruz attended a conference focusing on gay issues, where they were exposed to Plaintiff. This exposure led these students to form Defendant Delta Lambda Psi at UC Santa Cruz in or around 2005. Shortly thereafter, Defendant began using DLP and DELTA LAMBDA PSI in the Santa Cruz area to promote and identify itself as a college social organization aimed at gay, bisexual, transgender, and progressive students. Although Plaintiff has chapters at several other California universities, it does not have a presence at UC Santa Cruz.

3.    Defendant's use of a name that differs by only a single letter ("Phi/Psi") from Plaintiff's name has already caused many examples of actual confusion. This confusion has been compounded by Defendant's use of DLP to identify itself on Twitter, MySpace, and in its founding documents. Defendant's use of the Infringing Marks DELTA LAMBDA PSI and DLP is likely to cause continued confusion, mistake, and deception as to the origin of Defendant; as to an affiliation, connection, or association between Plaintiff and Defendant; or as to the sponsorship, endorsement, or approval of Defendant by Plaintiff.

4.    Defendant has also shown that it intends to expand its use of the Infringing Marks in other universities, by opening at least one new chapter at the University of Oregon in Eugene. This use and expansion has caused and will cause immediate and irreparable harm to Plaintiff. To stop this confusion immediately, Plaintiff seeks a preliminary and permanent injunction prohibiting Defendant from using the Infringing Marks, and any other marks that are confusingly similar to Plaintiff's DLP and DELTA LAMBDA PHI marks, in connection with Defendant's Greek social organization, as well as to indicate membership within Defendant's Greek social organization. To address the harm that Plaintiff has already suffered, Plaintiff also seeks

PAGE 2    COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, AND UNLAWFUL TRADE PRACTICES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

PDX/124098/183476/YES/10312053.2

damages caused by Defendant's infringement, unfair competition, and unlawful trade practices, as well as Plaintiff's litigation expenses.

## THE PARTIES

5.      Plaintiff is a non-profit corporation organized under District of Columbia law, with its principal place of business at 2020 Pennsylvania Avenue NW, No. 355, Washington, D.C. 20006-1811.

6.      Defendant is a student group, organized initially at the University of California, Santa Cruz, which has an address of 1156 High Street, Santa Cruz, California  95064. Upon information and belief, Defendant has existing chapters at the University of California, Santa Cruz, Northeastern Illinois University, and a new chapter at the University of Oregon. *See* Exhibits A, B, C, and F.

## JURISDICTION AND VENUE

7.       This Court has subject matter jurisdiction over the claims alleged under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338, because the action arises, in part, under 15 U.S.C. § 1125. This Court has subject matter jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. § 1338 because these claims are substantial and related claims under federal trademark law, under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has engaged in acts or omissions within the State of Oregon causing injury; has engaged in acts or omissions outside of the State of Oregon causing injury within the State of Oregon; or has otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction. Specifically, Defendant has organized a chapter of its Greek organization at the University of Oregon in Eugene, Oregon. *See* Exhibits C and F.

9.       Venue is proper in this judicial district under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this

PAGE 3       COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, AND UNLAWFUL TRADE PRACTICES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

PDX/124098/183476/YES/10312053.2

judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(1), (c), and (d).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.    Plaintiff, founded in 1986, is a Greek social fraternity formed to promote the interests of its gay, bisexual, transgender, and progressive members. *See* Exhibit D. As a longstanding and widespread Greek organization, Plaintiff enjoys a remarkable degree of brand recognition and goodwill.

11.    Since at least as early as September 10, 1987, Plaintiff has promoted its Greek organization under its DELTA LAMBDA PHI mark, including promoting the development of chapters and colonies and the interests of the members of the organization, as well as advertising and selling products bearing the DELTA LAMBDA PHI mark. Because of Plaintiff's continuous and substantially exclusive use of its DELTA LAMBDA PHI mark for a Greek fraternity that promotes the interests of its gay, bisexual, transgender, and progressive members, Plaintiff owns valuable goodwill in its DELTA LAMBDA PHI mark.

12.    Since at least as early as July 8, 2001, Plaintiff has promoted its Greek organization under its DLP mark, including promoting the development of chapters and colonies and the interests of the members of the organization, as well as advertising and selling products bearing the DLP mark. Because of Plaintiff's continuous and substantially exclusive use of its DLP mark for a Greek fraternity that promotes the interests of its gay, bisexual, transgender, and progressive members, Plaintiff owns valuable goodwill in its DLP mark.

13.    Plaintiff owns United States trademark applications for the DELTA LAMBDA PHI and DLP marks, including:  (i) U.S. Application Serial No. 85/575,995 for the mark DELTA LAMBDA PHI, used for "[a]ssociation services, namely, organizing chapters of a fraternity and promoting the interests of the members thereof," filed on March 21, 2012, first used in the United States at least as early as September 10, 1987 and first used in commerce in the United States at least as early as July 20, 1988; (ii) U.S. Application Serial No. 85/575,998 for the mark

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

DLP, used for "[a]ssociation services, namely, organizing chapters of a fraternity and promoting the interests of the members thereof," filed on March 21, 2012, first used in commerce in the United States at least as early as July 8, 2001; (iii) U.S. Application Serial No. 85/575,976 for the mark DELTA LAMBDA PHI, used for "[i]ndicating membership in a fraternal organization," filed on March 21, 2012, first used anywhere in the United States at least as early as September 10, 1987 and first used in commerce in the United States at least as early as July 20, 1988; (iv) U.S. Application Serial No. 85/575,980 for the mark DLP, used for "[i]ndicating membership in a fraternal organization," filed on March 21, 2012, first used in commerce in the United States at least as early as July 8, 2001.  True and correct copies of Plaintiff's applications are attached as Exhibit E to this Complaint.

14.    On information and belief, in 2005, well after Plaintiff began use of its DELTA LAMBDA PHI mark, Defendant adopted and began using the nearly-identical DELTA LAMBDA PSI mark, in connection with Defendant's Greek organization that exists to promote the interests of the gay, lesbian, bisexual, transsexual, transgender, intersex, queer, questioning, and ally communities. Defendant continues to promote and expand its Greek organization under the DELTA LAMBDA PSI mark. Examples of Defendant's use of the DELTA LAMBDA PSI mark are shown in Exhibits A through C. Defendant's DELTA LAMBDA PSI mark differs from Plaintiff's DELTA LAMBDA PHI mark by only one consonant appearing in the last Greek letter of the two marks, and Plaintiff's DELTA LAMBDA PHI mark is nearly identical to Defendant's DELTA LAMBDA PSI mark.

15.    On information and belief, in 2005, well after Plaintiff began use of its DLP mark, Defendant adopted and began using the identical DLP mark, in connection with Defendant's Greek organization that exists to promote the interests of the gay, lesbian, bisexual, transsexual, transgender, intersex, queer, questioning, and ally community. Defendant continues to promote and expand its Greek organization under the DLP mark. Examples of Defendant's use of the DLP mark are shown in Exhibit F.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

16.     Plaintiff has continuously used its DELTA LAMBDA PHI and DLP marks in connection with its fraternal organization since well before the wrongful acts of Defendant.

17.     Defendant's Greek organization is very similar to and competes with Plaintiff's Greek organization, and the organizations are promoted and made available to students and alumni of universities and colleges. Both organizations serve the interests of the gay, bisexual, transgender, progressive, and related communities at colleges and universities, as well as alumni.

18.     Defendant is not an authorized licensee of Plaintiff, and Plaintiff has never authorized or otherwise given Defendant express or implied permission to use the Infringing Marks.

19.     On information and belief, Defendant selected the Infringing Marks after meeting Plaintiff at the 2005 Western Regional GLBTQQIA Conference, intending to capitalize from the goodwill earned by Plaintiff in its DELTA LAMBDA PHI and DLP marks. *See* Exhibit G.

## FIRST CLAIM FOR RELIEF

### (Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A))

20.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 19.

21.     Defendant's use of the Infringing Marks in commerce in connection with Defendant's Greek organization has caused and is likely to continue to cause confusion, mistake, and deception by creating the false and misleading impression that Defendant's organization is Plaintiff's organization or is affiliated, connected, or associated with Plaintiff or sponsored, endorsed, or approved by Plaintiff.

22.     Defendant has made false or misleading representations, false or misleading descriptions, and false designations of origin of its organization in violation of 15 U.S.C. § 1125(a) by using the Infringing Marks in connection with Defendant's Greek organization.

23.     Defendant is liable under 15 U.S.C. § 1125(a)(1)(A) for unfair competition because of its use of the Infringing Marks.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

24.     Defendant's activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of the public, as well as of members of Plaintiff's and Defendant's organizations.

25.     Defendant selected and continues to use the Infringing Marks with full knowledge of Plaintiff, with full knowledge that such use is not authorized or licensed by Plaintiff, and with intent to capitalize from Plaintiff's goodwill in its DELTA LAMBDA PHI and DLP marks.

26.     The likelihood of confusion, mistake, and deception created by Defendant's use of the Infringing Marks in connection with Defendant's Greek organization aimed at promoting the interests of the gay, lesbian, bisexual, transsexual, transgender, intersex, queer, questioning, and ally communities, is causing irreparable harm to Plaintiff's goodwill and reputation symbolized by Plaintiff's DELTA LAMBDA PHI and DLP marks.

27.     Plaintiff lacks an adequate remedy at law because the DELTA LAMBDA PHI and DLP marks are unique and represent to the public the source, reputation, and goodwill of Plaintiff's organization. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

28.     Plaintiff is entitled to a preliminary and permanent injunction under 15 U.S.C. § 1116 against Defendant's continued use of the Infringing Marks (or any confusingly similar variations of Plaintiff's DELTA LAMBDA PHI and DLP marks). Unless enjoined, Defendant will continue to use the Infringing Marks and continue to cause consumer confusion and injure Plaintiff's goodwill and reputation.

29.     As a direct and proximate result of Defendant's conduct, Plaintiff is also entitled to recover the costs of this action and three times its actual damages and the profits wrongfully obtained by Defendant attributable to its conduct, in an amount to be proven at trial.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

30.    Defendant knew of Plaintiff's use of and rights to the DELTA LAMBDA PHI and DLP marks, before Defendant selected the Infringing Marks for its organization. *See* Exhibit G. Defendant's adoption and use of the Infringing Marks in connection with a directly competing organization demonstrates Defendant's intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's DELTA LAMBDA PHI and DLP marks and to cause confusion, to cause mistake, and to deceive the public, as well as members of Plaintiff's and Defendant's organizations, about the source or affiliation of Defendant's organization. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a), justifying an award of Plaintiff's reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

31.    Plaintiff repeats and incorporates by reference paragraphs 1 through 30.

32.    Defendant is using the Infringing Marks in a manner that is likely to cause confusion, to cause mistake, and to deceive the public and members of Plaintiff's and Defendant's organizations, as to the affiliation, connection, or association of Defendant and Plaintiff; as to the origin of Defendant's organization; or as to the sponsorship, approval, or endorsement of Defendant's organization by Plaintiff.

33.     Defendant's acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion, thereby causing irreparable harm to Plaintiff, including without limitation, injury to Plaintiff's reputation and business identity, resulting in lost revenue and profits and diminished goodwill and reputation. Plaintiff has no adequate remedy at law for this injury.

34.    Defendant adopted the Infringing Marks for its organization with full knowledge of Plaintiff's use of and rights in the DELTA LAMBDA PHI and DLP marks. Defendant's conduct demonstrates a deliberate, willful, and malicious intent to trade on the goodwill

PAGE 8    COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNLAWFUL TRADE PRACTICES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/124098/183476/YES/10312053.2

associated with Plaintiff's DELTA LAMBDA PHI and DLP marks to the irreparable injury of Plaintiff.

35.    Because of Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, Plaintiff is entitled to injunctive relief and to an accounting of Defendant's profits, actual damages, punitive damages, and costs.

## THIRD CLAIM FOR RELIEF

### (Unlawful Trade Practices)

36.    Plaintiff repeats and incorporates by reference paragraphs 1 through 35.

37.    Defendant, through its use of the Infringing Marks, has and continues to cause likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's organization; and a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff. Defendant's conduct constitutes unlawful trade practices in the course of business in violation of Oregon's Unlawful Trade Practices Act, ORS §§ 646.605 – 646.656.

38.    Defendant's unauthorized use of the Infringing Marks has caused and is likely to cause substantial injury to the public, to members of Plaintiff's and Defendant's organizations, and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

39.    That Defendant, its officers, directors, members, agents, servants, affiliates, employees, successors, assigns, parent and subsidiary companies and representatives, and all those acting in privity or in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

a.    Using in connection with a student group or other organization that exists to promote the interests of the gay, lesbian, bisexual, transsexual, transgender, intersex, queer,

PAGE 9        COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
              COMPETITION, AND UNLAWFUL TRADE PRACTICES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

questioning, and ally communities, the Infringing Marks, any marks confusingly similar to the Infringing Marks, and any other marks that might tend to falsely describe or represent such organization as being Plaintiff or being sponsored, endorsed, or approved by; or affiliated with or in any way connected to Plaintiff;

        b.      Performing any actions or using any trademarks, service marks, or other words, names, titles, designs, or logos that are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the public, or members of Plaintiff's or Defendant's organizations, into believing that Defendant's organization is Plaintiff's organization or is sponsored, endorsed, or approved by; or affiliated with or in any way connected to Plaintiff;

        c.      Using any trademarks, service marks, or other words, names, titles, designs, or logos or engaging in any other conduct that creates a likelihood of injury to the business reputation of Plaintiff or a likelihood of misappropriating Plaintiff's distinctive trademarks and the goodwill associated therewith; and

        d.      Engaging in any trade practices which unfairly compete with or injure Plaintiff, its business, or the goodwill appertaining thereto.

40.      That Plaintiff be awarded all damages it has sustained by reason of Defendant's wrongful acts, and that such damages be trebled to the extent allowed by law, pursuant to 15 U.S.C. § 1117.

41.      That an accounting and disgorgement be ordered, that Plaintiff be awarded all gains, profits, and advantages derived by Defendant from its wrongful acts, and that the amount of any accounting be trebled to the extent allowed by law.

42.      That Defendant be required to pay all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and ORS § 646.638.

43.      That the Court grant Plaintiff such other relief as it deems just and proper.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

## JURY TRIAL DEMAND

44.     Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38.1, Plaintiff demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.


DATED:  October 24, 2012                SCHWABE, WILLIAMSON & WYATT, P.C.


                        By:     /s/Johnathan E. Mansfield
                                Johnathan E. Mansfield, OSB #055390
                                Email: jmansfield@schwabe.com
                                Yvonne E. Tingleaf, OSB #054463
                                E-mail:  ytingleaf@schwabe.com

                                Attorneys for Plaintiff
                                Delta Lambda Phi National Social
                                Fraternity

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981

PDX/124098/183476/YES/10312053.2